UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CRIMINAL NO.06-84-WOB**

**UNITED STATES OF AMERICA**                                                                                          **PLAINTIFF**

**VS.**

**JOHN E. BAXTER**                                                                                                              **DEFENDANT**

### REPORT AND RECOMMENDATION

On May 23, 2008 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, JOHN E. BAXTER, show cause why his supervised release should not be revoked. The defendant was present in Court and represented by David Sloan and the United States was present through Assistant United States Attorney, Elaine Leonhard. The proceedings were recorded by substitute court reporter Tere Moore (Barlow Reporting). These proceedings were conducted pursuant to 18 U.S.C. § 3401(I). Oral argument was presented by counsel and the defendant admitted violating the terms of his supervised release as set out in the May 15, 2008 violation report and May 19, 2008 supplemental report.

After pleading guilty to one count of Possession of a Mixture or Substance Containing a Detectable Amount of Cocaine Base (Crack Cocaine), the defendant was sentenced on July 31, 2007 to twelve months imprisonment followed by a one year term of supervised release. That release included drug testing and treatment and a special search condition along with alcohol abstinence. A $25.00 special assessment remains unpaid. Baxter began his term of supervised release on February 29, 2008 and he now stands charged with the following violations:

1

**VIOLATION #1: THE DEFENDANT SHALL REFRAIN FROM ANY UNLAWFUL USE OF A CONTROLLED SUBSTANCE.**

A urine screen submitted by defendant on May 5, 2008 tested positive for cocaine which the defendant admitted using the evening of April 22, 2008.

**VIOLATION #2: THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME.**

Baxter was arrested in Boone County, Kentucky on April 17, 2008 and pled guilty the following day to Theft by Unlawful Taking under $300.00 and received a sentence of thirty days in jail, conditionally discharged for 25 days, court costs of $149.00 and a $100.00 fine.

**VIOLATION #3: THE DEFENDANT SHALL NOTIFY THE PROBATION OFFICE WITHIN 72 HOURS OF BEING ARRESTED OR QUESTIONED BY A LAW ENFORCEMENT OFFICER.**

In addition to failing to notify his probation officer of the Boone County arrest, the defendant was deceptive in his April 2008 monthly supervision report when he responded "no" to the question, "Were you arrested or named as a defendant in any criminal case?"

**VIOLATION #4: THE DEFENDANT SHALL NOTIFY THE PROBATION OFFICER AT LEAST 10 DAYS PRIOR TO ANY CHANGE IN RESIDENCE OR EMPLOYMENT.**

On April 13, 2008 Baxter was terminated from his employment at Logan's Roadhouse in Florence, Kentucky for failing to show-up for three shifts. The defendant approached his manager at Logan's to request a return to work but that request was declined. The probation office was not advised of such employment change until May 5, 2008. The defendant then secured employment at Frisch's in Burlington, Kentucky on May 5 but was terminated in less than a week. The defendant also failed to provide advance notice of his relocation to a separate residence which occurred May 2, 2008.

**VIOLATION #5: THE DEFENDANT SHALL ANSWER ALL INQUIRIES BY THE PROBATION OFFICER AND FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER.**

Baxter was set to report to the probation office at 1:30 p.m. on May 15, 2008 but failed to do so and failed to contact his probation officer to explain his absence.

**SUPPLEMENTAL VIOLATION #6: THE DEFENDANT SHALL REFRAIN FROM ANY UNLAWFUL USE OF A CONTROLLED SUBSTANCE.**

A urine screen submitted by Baxter on May 16, 2008 tested positive for cocaine. The defendant admitted using cocaine after his last positive screen collected on May 6, 2008 and requested substance abuse treatment.

The parties have reached an agreement as to the appropriate punishment for these violations, and the Court is satisfied from dialogue with the defendant that he enters into this agreement having had ample time to consult with counsel, voluntarily and knowingly, and accordingly;

**IT IS RECOMMENDED:**

1. That the defendant be found to have violated the terms of his supervised release as set out above and that it be revoked**;**

2. That the defendant, JOHN E. BAXTER, be sentenced to the custody of the Attorney General for a period of **TWELVE (12) MONTHS** with no supervised release to follow;

3. That the defendant serve the above sentence at FMC Lexington with a recommendation that during the term of imprisonment, the defendant participate in the 500-hour Residential Substance Abuse Treatment Program offered through the Bureau of Prisons;

4. That the defendant immediately pay the $25.00 special assessment.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived.  Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55) (6th Cir. 1986). **If the defendant wishes to address the District Court prior to sentencing, the defendant must so notify the Court in writing within ten (10) days.**  A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 27th day of May, 2008.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge